Oscar Stilley, Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have submitted two previous popular names and ballot titles for similar measures, which I rejected in Opinions 99-262 and 99-413 due to unresolved ambiguities in the text of each measure. You have made changes to the text of your measure and now present the following proposed popular name and ballot title for my certification:
 (Popular Name) AN AMENDMENT PROVIDING THAT PERSONS INCARCERATED IN ARKANSAS PRISONS MUST BY PRODUCTIVE LABOR PAY THE FULL COSTS OF THEIR INCARCERATION, AS A CONDITION OF RECEIVING CREDIT FOR GOOD TIME OR PAROLE ELIGIBILITY, PROVIDING FOR A COMMISSIONER OF CORRECTIONS TO MANAGE THE ARKANSAS PRISON SYSTEM, PROVIDING THAT CERTAIN PRISON INMATES MAY BE EMPLOYED BY ONE OR MORE PRIVATE COMPANIES IN ROAD CONSTRUCTION OR PRIVATE ENTERPRISE OFF PRISON GROUNDS, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT INMATES AT ARKANSAS PRISONS SHALL NOT BE ENTITLED TO PAROLE OR GOOD TIME, EXCEPT FOR INMATES WHO BY PRODUCTIVE LABOR PAY THE FULL COST OF THEIR INCARCERATION; PROVIDING THAT INMATES WHO WORK BUT EARN LESS THAN THE AMOUNT REQUIRED TO PAY ALL COSTS OF THEIR INCARCERATION SHALL BE GRANTED EXTRA PRIVILEGES ACCORDING TO PRISON POLICIES; CREATING THE POSITION OF COMMISSIONER OF CORRECTION (HEREINAFTER SOMETIMES COMMISSIONER), TO BE FILLED BY NON-PARTISAN ELECTION AS SOON AS REASONABLY POSSIBLE AFTER PASSAGE OF THE AMENDMENT, AND AT EACH REGULARLY SCHEDULED STATEWIDE ELECTION THEREAFTER; PROVIDING THAT THE SOLE COMPENSATION OF SUCH COMMISSIONER SHALL BE 3% OF THE NET REDUCTION OF THE COSTS OF THE ARKANSAS DEPARTMENT OF CORRECTION (HEREINAFTER ADC) BELOW COSTS IN THE PREVIOUS FISCAL YEAR, PLUS 3/10TH OF 1% OF THE REDUCTION OF THE COST OF THE OPERATION OF THE ADC, FROM THE EXPENDITURES MADE IN FISCAL YEAR 1999, PLUS 10% OF ANY NET PROFITS OF THE ADC; PROVIDING THAT THE COMMISSIONER SHALL BE AUTHORIZED TO CONTRACT WITH AND ENTRUST PRISON INMATES TO ARKANSAS CORRECTION CORPORATION, (HEREINAFTER ACC) AN EXISTING PRIVATE FOR PROFIT CORPORATION CHARTERED APRIL 15, 1999, AND ORGANIZED FOR THE PURPOSE OF EMPLOYING INMATES AND TEACHING THRIFT, INDUSTRY, AND RESPECT FOR THE PERSON AND PROPERTY OF OTHERS TO PRISON INMATES, OR ANY OTHER ENTITY AUTHORIZED BY THE AMENDMENT TO BE ENTRUSTED WITH INMATES; GRANTING THE COMMISSIONER MAXIMUM FLEXIBILITY IN THE OPERATION AND STAFFING OF PRISONS; PROVIDING THAT THE COMMISSIONER IS AUTHORIZED TO PROMULGATE ALL REGULATIONS OF ACC, OR ANY OTHER ENTITY ENTRUSTED WITH INMATES, AS TO THE LOCATION AND TYPE OF HOUSING TO BE USED FOR INMATES, (WHETHER ON OR OFF PRISON PROPERTY) OR OTHERWISE DEEMED NECESSARY TO REDUCE THE RISK OF ESCAPE, AND REGULATIONS WITH RESPECT TO THE GRANTING OF GOOD TIME AND PAROLE; PROVIDING THAT THE COMMISSIONER MAY PRESCRIBE FORMS FOR THE CONTRACTS MADE BETWEEN ACC OR OTHER AUTHORIZED ENTITIES, AND INMATES, AND MAKE CONTRACTS WITH ACC AND OTHER AUTHORIZED ENTITIES; AUTHORIZING THE COMMISSIONER TO CONTRACT FOR THE HOUSING OF INMATES FROM OTHER STATES, WHERE SUCH CONTRACTS ARE ECONOMICALLY ADVANTAGEOUS TO ARKANSAS TAXPAYERS; ABOLISHING THE BOARD OF CORRECTION AND COMMUNITY PUNISHMENT, AND AUTHORIZING THE COMMISSIONER TO EMPLOY SUITABLE PERSONS TO PASS UPON APPLICATIONS FOR PAROLE, AND PERFORM ALL OTHER DUTIES NOW PERFORMED BY THE BOARD OF CORRECTION AND COMMUNITY PUNISHMENT; ABOLISHING ALL LIMITATIONS ON PAROLE OR GOOD TIME FOR SPECIFIC CLASSES OF PRISONERS, EXCEPT PERSONS SERVING SENTENCES FOR VIOLENT FELONIES; AUTHORIZING THE EMPLOYMENT OF INMATES AT PRODUCTIVE LABOR BY THE ADC, AN EXISTING STATE AGENCY, OR THE ACC; PROVIDING THAT ACC IS AUTHORIZED TO TAKE PHYSICAL CUSTODY OF INMATES DETERMINED BY THE COMMISSIONER OF CORRECTION TO BE QUALIFIED FOR EMPLOYMENT, AND TO PROVIDE HOUSING FOR SAID INMATES AT ANY PLACE APPROVED BY THE COMMISSIONER; AUTHORIZING THE EMPLOYMENT OF INMATES BY OTHER SUITABLY BONDED ENTITIES IF ACC FAILS TO REDUCE THE COST OF ADC, TO ARKANSAS TAXPAYERS, TO NOT MORE THAN $50,000,000 ANNUALLY, FOR ANY FISCAL YEAR ENDING AFTER JULY 1, 2004; PROVIDING THAT THE ADC MAY NOT DEMAND OR RECEIVE COMPENSATION FOR THE PLACEMENT OF INMATES WITH ACC OR OTHER AUTHORIZED ENTITY, OTHER THAN THE SECURE HOUSING AND NECESSARY CARE OF THE INMATE, EXCEPT WHERE THE INMATES ARE USED FOR HIGHWAY CONSTRUCTION; PROVIDING THAT INMATES ENTRUSTED TO ACC OR OTHER AUTHORIZED ENTITY MAY BE EMPLOYED AT ANY SUITABLE EMPLOYMENT EXCEPT OPERATING PUBLIC RETAIL ESTABLISHMENTS, SCHOOLS, DAY CARE FACILITIES, HOSPITALS, OR SIMILAR FACILITIES IN WHICH THE PUBLIC'S INTEREST IN SAFETY AND SECURITY CANNOT BE REASONABLY PROTECTED; PROVIDING THAT INMATES ENTRUSTED TO ACC OR OTHER AUTHORIZED ENTITY MAY NOT MINGLE WITH THE GENERAL PUBLIC UNSUPERVISED; PROVIDING THAT SUFFICIENTLY PRODUCTIVE INMATES MAY BE PROVIDED WITH READJUSTMENT ACCOUNTS, FROM WHICH THE EXPENSES FOR THE HEALTH, EDUCATION, AND WELFARE OF THE PRISONER MAY BE PAID, THE REMAINDER OF WHICH SHALL BE USED FOR THE BENEFIT OF THE PRISONER UPON RELEASE, IN HIS OR HER TRANSITION TO FREE SOCIETY; PROVIDING THAT THE SOLE COMPENSATION OF ACC OR OTHER SUCH AUTHORIZED ENTITY SHALL BE THE PROFITS FROM LABOR OF INMATES ENTRUSTED TO THE CARE OF SAID ENTITY; PROVIDING THAT ACC, AND ANY OTHER ENTITY ENTRUSTED WITH THE CUSTODY OF INMATES FOR PURPOSES OF EMPLOYMENT, SHALL MAINTAIN ADEQUATE PHYSICAL SECURITY TO PREVENT ESCAPES OR INJURY TO PRIVATE PERSONS OR PROPERTY; PROVIDING FURTHER THAT ALL SUCH ENTITIES SHALL POST BOND AND BE LIABLE FOR INTENTIONAL OR NEGLIGENT DAMAGES CAUSED BY INMATES IN THEIR CUSTODY, NOT TO EXCEED $100,000 PER PERSON PER INCIDENT, UNTIL JANUARY 1, 2003, AT WHICH TIME THE MAXIMUM LIABILITY PER PERSON PER INCIDENT SHALL INCREASE TO $1,000,000; PROVIDING THAT INMATES HELD FOR VIOLENT FELONIES SHALL NOT BE ELIGIBLE FOR EMPLOYMENT OUTSIDE PRISON BOUNDARIES UNLESS AND UNTIL THE COMMISSIONER DETERMINES THAT THE PRISONER HAS MADE SUBSTANTIAL CHANGES THAT MATERIALLY REDUCE THE RISK OF FURTHER VIOLENCE AGAINST PERSONS OR PRIVATE PROPERTY; EXCLUDING INMATES HELD UNDER SENTENCES OF LIFE WITHOUT PAROLE OR DEATH SENTENCES FROM ELIGIBILITY FOR EMPLOYMENT OFF PRISON PROPERTY UNDER ANY CIRCUMSTANCES; PROVIDING THAT ALL SAVINGS OF TAX MONIES FROM THE REDUCTION OF COSTS OF PRISON OPERATIONS SHALL BE USED FOR ROADS AND HIGHWAYS; PROVIDING THAT INMATES MAY BE USED DIRECTLY IN HIGHWAY CONSTRUCTION, AND THAT THE DEPARTMENT OF CORRECTION SHALL RECEIVE CREDIT FOR THE VALUE OF SUCH CONSTRUCTION IN THE CALCULATION OF ITS PROFITS AND LOSSES; PROVIDING THAT THE STATE OF ARKANSAS SHALL NOT MAKE OR ENFORCE ANY LAW CONCERNING PRISON OPERATIONS, IF SAID LAW INCREASES THE COSTS OF THE ADC OR LIMITS OPPORTUNITIES TO ENHANCE THE REVENUE OF THE SYSTEM, UNLESS THE PROPONENT OF SAID STATE LAW PROVES THAT THE LAW OR REGULATION IS REASONABLY NECESSARY AND EFFECTIVE TO PROTECT A SUBSTANTIAL STATE INTEREST, AND THE OPPONENT OF SAID LAW OR REGULATION FAILS TO PROVE THAT AN ALTERNATIVE LESS COSTLY TO THE CITIZENRY WOULD REASONABLY PROTECT THE STATE'S INTEREST; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) ARKANSAS PRISON SYSTEM AMENDMENT (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT INMATES, DEFINED AS PERSONS COMMITTED TO THE CUSTODY OF THE ARKANSAS DEPARTMENT OF CORRECTION ("ADC"), SHALL NOT BE ENTITLED TO PAROLE OR GOOD TIME UNLESS THEY PAY THE FULL COST OF THEIR INCARCERATION BY PRODUCTIVE LABOR; CREATING THE POSITION OF COMMISSIONER OF CORRECTION ("COMMISSIONER") FOR THE OPERATION AND MANAGEMENT OF THE ADC, TO BE FILLED BY NON-PARTISAN ELECTION AS SOON AS REASONABLY POSSIBLE AFTER PASSAGE OF THE AMENDMENT, AND AT EACH REGULARLY SCHEDULED STATEWIDE ELECTION THEREAFTER; PROVIDING THAT THE SOLE COMPENSATION OF SUCH COMMISSIONER SHALL BE 3% OF THE NET REDUCTION OF THE COSTS OF THE ADC BELOW COSTS IN THE PREVIOUS FISCAL YEAR, PLUS 3/10TH OF 1% OF THE REDUCTION OF THE COST OF THE OPERATION OF THE ADC, FROM THE EXPENDITURES MADE IN FISCAL YEAR 1999, PLUS 10% OF ANY NET PROFITS OF THE ADC; GRANTING THE COMMISSIONER MAXIMUM FLEXIBILITY IN THE OPERATION AND STAFFING OF ARKANSAS PRISONS; ABOLISHING THE BOARD OF CORRECTION AND COMMUNITY PUNISHMENT, AND AUTHORIZING THE COMMISSIONER TO EMPLOY SUITABLE PERSONS TO PASS UPON APPLICATIONS FOR PAROLE, AND PERFORM ALL OTHER DUTIES NOW PERFORMED BY THE BOARD OF CORRECTION AND COMMUNITY PUNISHMENT; ABOLISHING ALL LIMITATIONS ON PAROLE OR GOOD TIME FOR SPECIFIC CLASSES OF PRISONERS, EXCEPT PERSONS SERVING SENTENCES FOR VIOLENT FELONIES; AUTHORIZING THE COMMISSIONER TO CONTRACT FOR THE HOUSING OF INMATES FROM OTHER STATES, WHERE SUCH CONTRACTS ARE ECONOMICALLY ADVANTAGEOUS TO ARKANSAS TAXPAYERS; AUTHORIZING THE EMPLOYMENT OF INMATES AT PRODUCTIVE LABOR BY THE ADC, AN EXISTING STATE AGENCY, OR THE ARKANSAS CORRECTION CORPORATION, (HEREINAFTER "ACC") AN EXISTING PRIVATE FOR PROFIT CORPORATION CHARTERED APRIL 15, 1999, AND ORGANIZED FOR THE PURPOSE OF EMPLOYING INMATES; AUTHORIZING THE EMPLOYMENT OF INMATES BY OTHER SUITABLY BONDED ENTITIES IF ACC FAILS TO REDUCE THE COST OF ADC, TO ARKANSAS TAXPAYERS, TO NOT MORE THAN $50,000,000 ANNUALLY, FOR ANY FISCAL YEAR ENDING AFTER JULY 1, 2004; PROVIDING THAT THE COMMISSIONER SHALL BE AUTHORIZED TO CONTRACT WITH ACC OR OTHER AUTHORIZED ENTITIES FOR THE HOUSING, CUSTODY, AND EMPLOYMENT OF INMATES DETERMINED BY THE COMMISSIONER TO BE QUALIFIED FOR PRODUCTIVE EMPLOYMENT, WHETHER ON OR OFF PRISON PROPERTY; PROVIDING THAT THE COMMISSIONER IS AUTHORIZED TO PROMULGATE ALL REGULATIONS OF ACC, OR ANY OTHER ENTITY ENTRUSTED WITH INMATES, AS TO THE LOCATION AND TYPE OF HOUSING TO BE USED FOR INMATES, WHETHER ON OR OFF PRISON PROPERTY, OR OTHERWISE DEEMED NECESSARY TO REDUCE THE RISK OF ESCAPE, AND REGULATIONS WITH RESPECT TO THE GRANTING OF GOOD TIME AND PAROLE; PROVIDING THAT THE COMMISSIONER MAY PRESCRIBE FORMS FOR THE CONTRACTS MADE BETWEEN ACC OR OTHER AUTHORIZED ENTITIES, AND INMATES; PROVIDING THAT THE ADC MAY NOT DEMAND OR RECEIVE COMPENSATION FOR THE PLACEMENT OF INMATES WITH ACC OR OTHER AUTHORIZED ENTITY, OTHER THAN THE SECURE HOUSING AND NECESSARY CARE OF THE INMATE, EXCEPT WHERE THE INMATES ARE USED FOR HIGHWAY CONSTRUCTION; PROVIDING THAT INMATES ENTRUSTED TO ACC OR OTHER AUTHORIZED ENTITY MAY BE EMPLOYED AT ANY SUITABLE EMPLOYMENT EXCEPT OPERATING PUBLIC RETAIL ESTABLISHMENTS, SCHOOLS, DAY CARE FACILITIES, HOSPITALS, OR SIMILAR FACILITIES IN WHICH THE PUBLIC'S INTEREST IN SAFETY AND SECURITY CANNOT BE REASONABLY PROTECTED; PROVIDING THAT INMATES ENTRUSTED TO ACC OR OTHER AUTHORIZED ENTITY MAY NOT MINGLE WITH THE GENERAL PUBLIC UNSUPERVISED; PROVIDING THAT SUFFICIENTLY PRODUCTIVE INMATES MAY BE PROVIDED WITH READJUSTMENT ACCOUNTS, FROM WHICH THE EXPENSES FOR THE HEALTH, EDUCATION, AND WELFARE OF THE PRISONER MAY BE PAID, THE REMAINDER OF WHICH SHALL BE USED FOR THE BENEFIT OF THE PRISONER UPON RELEASE, IN HIS OR HER TRANSITION TO FREE SOCIETY; PROVIDING THAT THE SOLE COMPENSATION OF ACC OR OTHER SUCH AUTHORIZED ENTITY SHALL BE THE PROFITS FROM LABOR OF INMATES ENTRUSTED TO THE CARE OF SAID ENTITY; PROVIDING THAT ACC, AND ANY OTHER ENTITY ENTRUSTED WITH THE CUSTODY OF INMATES FOR PURPOSES OF EMPLOYMENT, SHALL MAINTAIN ADEQUATE PHYSICAL SECURITY TO PREVENT ESCAPES OR INJURY TO PRIVATE PERSONS OR PROPERTY; PROVIDING FURTHER THAT ALL SUCH ENTITIES SHALL POST BOND AND BE LIABLE FOR INTENTIONAL OR NEGLIGENT DAMAGES CAUSED BY INMATES IN THEIR CUSTODY, NOT TO EXCEED $100,000 PER PERSON PER INCIDENT, UNTIL JANUARY 1, 2003, AT WHICH TIME THE MAXIMUM LIABILITY PER PERSON PER INCIDENT SHALL INCREASE TO $1,000,000; PROVIDING THAT INMATES HELD FOR VIOLENT FELONIES SHALL NOT BE ELIGIBLE FOR EMPLOYMENT OUTSIDE PRISON BOUNDARIES UNLESS AND UNTIL THE COMMISSIONER DETERMINES THAT THE PRISONER HAS MADE SUBSTANTIAL CHANGES THAT MATERIALLY REDUCE THE RISK OF FURTHER VIOLENCE AGAINST PERSONS OR PRIVATE PROPERTY; EXCLUDING INMATES HELD UNDER SENTENCES OF LIFE WITHOUT PAROLE OR DEATH SENTENCES FROM ELIGIBILITY FOR EMPLOYMENT OFF PRISON PROPERTY UNDER ANY CIRCUMSTANCES; PROVIDING THAT ALL SAVINGS OF TAX MONIES FROM THE REDUCTION OF COSTS OF PRISON OPERATIONS SHALL BE USED FOR ROADS AND HIGHWAYS; PROVIDING THAT INMATES MAY BE USED DIRECTLY IN HIGHWAY CONSTRUCTION, AND THAT THE DEPARTMENT OF CORRECTION SHALL RECEIVE CREDIT FOR THE VALUE OF SUCH CONSTRUCTION IN THE CALCULATION OF ITS PROFITS AND LOSSES; PROVIDING THAT THE STATE OF ARKANSAS SHALL NOT MAKE OR ENFORCE ANY LAW CONCERNING PRISON OPERATIONS, IF SAID LAW INCREASES THE COSTS OF THE ADC OR LIMITS OPPORTUNITIES TO ENHANCE THE REVENUE OF THE SYSTEM, UNLESS THE PROPONENT OF SAID STATE LAW PROVES THAT THE LAW OR REGULATION IS REASONABLY NECESSARY AND EFFECTIVE TO PROTECT A SUBSTANTIAL STATE INTEREST, AND THE OPPONENT OF SAID LAW OR REGULATION FAILS TO PROVE THAT AN ALTERNATIVE LESS COSTLY TO THE CITIZENRY WOULD REASONABLY PROTECT THE STATE'S INTEREST; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
I find it pertinent to note the particular hazards attendant to the ballot title of a lengthy and complex proposal such as yours. The ballot title for such a measure must avoid both the danger of being too lengthy and the danger of having serious omissions. More specifically, the title cannot be so lengthy as to cause voters to violate the voting booth time limitations, yet it must not omit any of the proposed measure's important factors. For this reason, I must point out that with any proposed amendment of considerable length and complexity such as yours, the sponsor runs the risk of a challenge and of a finding by the court that the ballot title is unacceptable, either because it is too "complex, detailed, and lengthy," or because it has "serious omissions." See e.g.,Page v. McCuen, 318 Ark. 342, 884 S.W.2d 951 (1994).
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure